22 C. C. P. A. (Patents)

### In re BROWN.

### Patent Appeal No. 3443.

Court of Customs and Patent Appeals.
April 8, 1935.

Cleon J. Sawyer, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The matter now before us originated in an application of the appellant in the United States Patent Office for a patent upon certain alleged improvements in a drill. The construction disclosed, which the appellant stated was particularly applicable to rock drills, was claimed to be a novel and inventive connection between the drill bit and the drill shank of such a drill. The appellant discloses a connection which comprises a sleeve carried by the bit, within the open upper end of which sleeve a drill shank is inserted and secured. The specific method of attachment which is shown consists of a continuous sleeve of square or hexagonal shape, all inner sides of the sleeve being vertical except one, which is beveled inwardly and upwardly. The drill shank has its lower end, on one side thereof, beveled outwardly and downwardly to fit the bevel on the sleeve. The shank is smaller in cross section than the opening of the sleeve. In making the attachment, the drill shank is inserted into the sleeve, shifted to one side so that the beveled surfaces of the sleeve and shank will meet, and a plug or holding member is inserted into the sleeve on the side opposite to the inclined surfaces, where it is usually held by a keeper, inserted through holes in the sleeve and a groove in the plug.

Five claims, 4, 9, 10, 11, and 12, were rejected by the Board of Appeals. Two of them are typical of all, and are as follows:

"4. A drill comprising a bit, an angular open ended sleeve carried by said bit and having a continuous side wall with an inwardly upwardly inclined portion, an angular drill shank inserted within said sleeve and having on one side a downward outward taper cooperating with the inclined portion of the side wall of said sleeve to secure an interlocking engagement therewith, and holding means for maintaining the interlocking inclined surfaces of said sleeve and shank in tight engagement.

"9. A drill comprising a bit, a drill shank, an open ended sleeve connection between the bit and shank, said sleeve having a continuous side wall, inclined surfaces on the sleeve and shank coacting to prevent withdrawal of the shank from the sleeve, and holding means between the shank and sleeve for maintaining the inclined surfaces in interlocking engagement."

The Board rejected the claims on the prior art, as shown by the following references: Egbert, 736,371, August 18, 1903; Ondra, 1,135,546, April 13, 1915; Wakfer, 1,136,987, April 27, 1915; Anderson (British), 25,158, December 4, 1905.

It was thought by the Board that claims 9 to 12, inclusive, were unpatentable over Wakfer, Ondra, and Anderson, in view of Egbert. It was further thought, as to claim 4, that while it might be distinguished from Egbert in some structural ways, it would not require invention to make the necessary changes.

The principal reference is the patent to Egbert. This patent discloses a sucker-rod connector. The inventor shows two sections of a sucker-rod, the upper section terminating in a socket, which is circular in shape and has an opening extending up through the center of the same and extending through the outside wall on one side of the socket. The bore of the socket, as well as the opening through its side wall, is square in cross section. The other portion of the sucker-rod has on its end a projection which may be inserted into the square bore of the socket, and has a lateral projection on the end thereof which will project outwardly into the opening through the side wall of the socket. On this lateral projection the lower side is beveled, and this, when the connection is made, engages with the surface of the lateral opening in the socket, which is also beveled. After the two parts are thus brought into connection, they are secured in position by means of a wedge which is inserted into the bore of the socket between the lower portion of the sucker-rod and the socket, where this wedge is retained by means of a leaf spring, which engages certain recesses arranged for that purpose upon the contiguous side of the lower section of the sucker-rod.

The patent to Ondra shows a drill bit and shank. In this patent the shank is split at the end, and a wedge in this split portion is driven in by means of a cotter by which the sides of the shank are driven outward so that they will hold the bit against detachment, by means of a frictional engagement.

The patent to Wakfer discloses a connection between a drill and drill shank, one form of which shows a collar engagement. In this patent the drill head is, in one form, tapered inwardly and upwardly, and is engaged with a collar which is tapered out-wardly and downwardly, and in which the bit is held by a keeper inserted through openings in the collar and through a groove in the bit.

The English patent to Anderson shows a connection between a drill bit and drill shank, in which the shank, tapered downwardly and inwardly, is inserted into the bit, tapered upwardly and outwardly, and is held there by a rod extending through the axial center of the shank and bit.

It will be observed that the appellant's claims call for a continuous side wall. No such construction is shown by Egbert. In order to make a fastening or connection, such as is shown by Egbert, the side wall of the sleeve must be pierced with an opening quite large as compared with the total wall surface. Such a broken or pierced side wall is not continuous. It has been suggested that the side wall of the sleeve in the appellant's application also cannot be said to be continuous, as it is pierced by holes to receive a keeper. However, the appellant, in his form designated as figure 5, shows a connection not including such keeper and holes.

Again, it is suggested that a continuous side wall might be employed with a recess in the interior of the wall and sleeve to receive the projecting portion of the shank, instead of having the same extend entirely through the side wall of the sleeve. However, no such construction is shown by Egbert, or any of the references, and it might well be contended that a side wall, with such an opening therein, while it did not extend entirely through the side wall, did not constitute a continuous side wall.

While other of the references relied upon show a continuous sleeve, none of them show any such connection as is shown by Egbert. The difficulty in applying these references to the appellant's disclosed device, is that these prior art appliances were not intended to operate in the same manner as does appellant's device, and, hence, to attempt to read the claims here upon the prior art requires the addition of features in construction not shown or suggested by the prior art.

We are, therefore, of the opinion that in this feature, namely, that of a continuous side wall sleeve, in coaction with the particular form of connection shown by the appellant, he has made a contribution to the art which, as it seems to us, is inventive and patentable.

300

Each of the rejected claims contains this feature, and we are, therefore, of opinion that the said claims should have been allowed.

The decision of the Board of Appeals is reversed.

Reversed.